UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| **WARREN DOUCET** | * | **CIVIL ACTION NO. 05-1365** |
| **VERSUS** | * | **JUDGE MELANÇON** |
| **DEPUTY NOEL, ET AL** | * | **MAGISTRATE JUDGE HILL** |

### REPORT AND RECOMMENDATION

Pending before the undersigned for Report and Recommendation is the Motion for Summary Judgment filed by defendants, Nurse Myra Boudreaux, Nurse Nancy Linscomb, Nurse Jeanette Pete, St. Martin Parish Sheriff Ronny Theriot, and Lee Allen Noel, on November 16, 2006. [rec. doc. 26]. No opposition to the motion has been filed, and the deadline for filing opposition has expired.[1]

Plaintiff, Warren Doucet ("Doucet"), filed this *pro se* civil rights action on July 15, 2005, alleging that he was subjected to the use of excessive force by Deputy Noel on July 12, 2004. He claims that as he was returning from the rooftop exercise area, Deputy Noel pushed him, causing Doucet to hit a control box and fall to the floor. As a result, he claims to have sustained "back injuries." Doucet further alleges that following this incident, he received inadequate medical treatment from Nurses

---

[1] LR 7.5W provides that opposition shall be filed within fifteen (15) days of service of the motion.

Boudreaux, Linscomb, and Pete. The complaint contains no allegations against Sheriff Theriot or the St. Martin Parish Correctional Center ("SMPCC").[2]

Plaintiff's claims are asserted under 42 U.S.C. § 1983. First, he alleges that he suffered cruel and unusual punishment due to excessive force under the Eighth Amendment of the United States Constitution. Second, he asserts an Eighth Amendment claim for denial of prompt and adequate medical attention.

In the instant motion, defendants contend that plaintiff has failed to exhaust administrative remedies; that plaintiff has failed to state claims under the Eighth Amendment for excessive force and inadequate medical care, and that Sheriff Theriot is entitled to qualified immunity.

## Summary Judgment Standard

Fed.R.Civ.Proc. Rule 56(e) provides, in pertinent part, as follows:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or otherwise provided in this rule, must set forth specific facts showing that there

---

[2]Even if Doucet did assert a claim against the SMPCC, it would have to be dismissed. A jail is not a legal entity capable of being sued. *See Wright v. El Paso County Jail*, 642 F.2d 134, 136 n. 3 (5th Cir.1981); *Blunt v. Bowles*, 1997 WL 527322 (N.D. Tex. 1997) (citing *Darby v. Pasedena Police Department,* 939 F.2d 311, 313-14 (5th Cir. 1991)). A prison facility or a "department" within a prison facility is not a "person" under §1983. *Oladipupo v. Austin*, 104 F.Supp.2d 626, 641-42 (W.D. La. 2000); *Marsden v. Federal B.O.P.*, 856 F.Supp. 832, 836 (S.D.N.Y. 1994).

is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

This Motion is properly made and supported. Thus, plaintiff may not rest on his allegations or denials in their pleadings, but rather must go beyond the pleadings and designate specific facts demonstrating that there is a genuine issue for trial. *Celotex v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553-54 (1986). However, metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions, and those supported by only a scintilla of evidence are insufficient. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Moreover, summary judgment is mandated against a party who fails to make a showing sufficient to establish an essential element of that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 106 S.Ct. at 2552.

### Analysis of Claims

Exhaustion of Administrative Remedies

Defendants argue that Doucet failed to exhaust administrative remedies before filing suit under § 1983. [rec. doc. 26, p. 9]. As amended by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e provides that "[n]o action shall be brought with respect to prison conditions under section 1983 ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

available are exhausted." *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003) (citing § 1997e(a)); *Underwood v. Wilson,* 151 F.3d 292, 293 (5th Cir.1998). Exhaustion is now mandatory, "irrespective of the forms of relief sought and offered through administrative avenues." *Id.* (citing *Booth v. Churner,* 532 U.S. 731, 739, 741 n. 6, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)). Additionally, "[u]nder the present version of § 1997e, the district court is no longer required to determine whether a prisoner ... has reasonably and in good-faith pursued his administrative remedies." *Id.* (citing *Underwood,* 151 F.3d at 294).

In this case, defendants assert that Doucet "filed grievances/medical requests and did not wait for the administrative procedure to progress, before he would file an identical request on a subsequent day." [rec. doc. 26, p. 9]. Thus, it appears that Doucet has not exhausted administrative remedies in this case. Accordingly, the undersigned recommends that this suit under § 1983 be **DISMISSED**.

Excessive Force

Assuming that Doucet has exhausted administrative remedies, the undersigned will now analyze the remaining claims. The first claim is that Deputy Noel used excessive force against him in violation of the Eighth Amendment.

A use of excessive force claim under the Eighth Amendment claims requires a showing of both subject and objective components; that the officials acted with a

4

"sufficiently culpable state of mind" and that the alleged wrongdoing was "objectively harmful enough" to establish a constitutional violation. *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S.Ct. 995, 999 (1992). Moreover, in order to prevail on an Eighth Amendment excessive force claim, a plaintiff must establish that the force was not applied in a good faith effort to maintain or restore discipline, but rather maliciously and sadistically to cause harm. *Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998); *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996). However, a Constitutional "violation does not occur with 'every malevolent touch by a prison guard'." *Baldwin*, 137 F.3d at 839 (quoting *Hudson*, 503 U.S. at 9, 112 S.Ct. at 1000). To the contrary, the prohibition against cruel and unusual punishment "excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind'." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (quoting *Hudson*, 503 U.S. at 7, 112 S.Ct. at 999)). Thus, the Fifth Circuit has held that a plaintiff asserting an excessive force claim is required to show that he sustained a physical injury which is more than *de minimis*. *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999); *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993); *Siglar*, 112 F.3d at 193.

In determining whether the constitutional line has been crossed, the court should look to the following factors: the extent of the injury suffered, the need for the

application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, any efforts made to temper the severity of the forceful response, and whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm. *Bender v. Brumley*, 1 F.3d 271, 278 (5th Cir. 1993) (quoting *Hudson v. McMillian*, 962 F.2d 522, 523 (5th Cir. 1992)); *LeBlanc v. Foti*, 487 F. Supp. 272, 275 (E.D. La. 1980) (citing *Johnson v. Glick*, 481 F.2d 1028 (2d Cir. 1973), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462 (1973)).

In this case, Doucet alleges that he was pushed by Deputy Noel, causing him to hit a control box and fall on the floor. The Incident Report from the St. Martin Parish Correctional Center reflects that Deputy Noel repeatedly asked Doucet to go in the F-block, but Doucet refused. [rec. doc. 26, Exhibit A]. After Doucet failed to comply with several more requests, Deputy Noel stated that he "slightly" touched Doucet on the right elbow. Deputy Noel reported that at that point, Doucet jumped and "threw himself" into the rack box. Another inmate, Joseph Davis, stated that "Officer Noel asked me to hold the door open, he grabbed Warren and then Warren fell down, and made it look like Noel did it." [rec. doc. 26, Exhibit B].

As discussed above, not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates one's constitutional rights.

6

The incident described by Doucet does not constitute a constitutional violation. Moreover, the medical reports fail to show that Doucet has suffered an injury which is more than *de minimis*. [rec. doc. 26, Exhibit D]. Accordingly, it does not appear that he suffered an unconstitutional or excessive use of force. Thus, the undersigned recommends that this claim be **DISMISSED**.

Inadequate Medical Care

Doucet's second claim is that the Nurses Boudreaux, Linscomb, and Pete failed to provide prompt and adequate medical treatment for his injuries.

In order to show inadequate medical care under the Eighth Amendment, such care must be "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292 (1976); *see also Sibley v. LeMaire,* 184 F.3d 481, 489 (5th Cir. 1999). The plaintiff must allege and be able to prove that each named defendant has been deliberately indifferent to his serious medical needs or the claim is subject to dismissal as frivolous. *Graves v. Hampton*, 1 F.3d 315, 319-20 (5th Cir. 1993), *abrogated on other grounds by Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994); *Wagner v. Bay City, Tex.*, 227 F.3d 316, 324 (5th Cir. 2000). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind; thus, the test is "subjective recklessness" as used in the criminal law. *Norton v. Dimazana*, 122 F.3d

286, 292 (5th Cir. 1997); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997).

Deliberate indifference cannot be proven through cumulative group acts, but rather, "each defendant's subjective deliberate indifference, *vel non*, must be examined separately." *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999). It is not enough to demonstrate that the defendant was negligent, rather it must be shown that the actions were so reckless as to amount to deliberate indifference. *Sibley*, 184 F.3d at 489.

The complaint does not contain facts which sufficiently show that any jail employee was deliberately indifferent to Doucet's serious medical needs. The record clearly demonstrates that plaintiff was provided with continuous ongoing medical treatment for back pain complaints. In fact, records show that Doucet was seen by nurses and a physician at the St. Martin Parish Correctional Center, and that he was taken to University Medical Center for further examination and treatment by a physician at that facility. [rec. doc. 26, Exhibit C]. He was also given medications for his pain on several occasions. It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. *Norton*, 122 F.2d at 292; *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992); *Callaway v. Smith County*, 991 F. Supp. 801, 809 (E.D. Tex. 1998).

Moreover, the fact that plaintiff was seen and treated by nurses rather than a physician does not implicate the constitution. *Callaway v. Smith County*, 991 F. Supp. 801, 809 (E.D. Tex. 1998). The fact that the medical care given is not the best that money can buy does not amount to deliberate indifference. *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992). The constitution does not command that prison inmates be given the kind of medical attention that judges would wish to have for themselves, it prohibits only deliberate indifference to serious medical needs. *Mayweather*, 958 F.2d at 91; *Ruiz v. Estelle*, 679 F.2d 1115, 1149 (5th Cir. 1982), *amended in part and vacated in part on other grounds*, 688 F.2d 266, 267 (5th Cir. 1982).

To the extent that plaintiff disagrees with the medical opinion and treatment rendered, that claim is without merit. It is well settled that disagreement with medical treatment does not amount to a constitutional violation. *Norton*, 122 F.3d at 292. Additionally, difference of medical opinion as to the appropriate method of treatment does not amount to deliberate indifference. *Stewart v. Murphy,* 174 F.3d 530, 537 (5th Cir. 1999); *Norton*, 122 F.3d at 292. Likewise, incorrect diagnosis or unsuccessful treatment is insufficient to establish deliberate indifference. *Johnson v. Treen*, 759 F.2d 1236, 1238-39 (5th Cir. 1985); *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

To the extent that the jail nurses or medical personnel are faulted for not perceiving what they allegedly should have perceived, those allegations are likewise insufficient to establish a Constitutional violation. "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino*, 239 F.3d at 756.

Finally, to the extent plaintiff complains of any delay in receiving treatment, that claim is without merit. In order to set forth a viable constitutional claim for delayed medical treatment, the plaintiff must show that the named defendants acted with deliberate indifference and substantial harm was occasioned by the delay. *Mendoza v. Lynaugh*, 989 F.2d 191, 193-95 (5th Cir. 1993); *Wesson v. Oglesby,* 910 F.2d 278, 284 (5th Cir. 1990). There is nothing in the record indicating plaintiff suffered substantial harm as a result of any delay. To the contrary, plaintiff merely complains of non-specific back pain. Moreover, as discussed above, the record fails to demonstrate that any named or unnamed defendant acted with deliberate indifference toward plaintiff's medical needs. For these reasons, any claim based upon allegedly delayed medical treatment should be dismissed.

With respect to plaintiff's claim against Sheriff Theriot, plaintiff fails to demonstrate that the Sheriff acted with deliberate indifference to plaintiff's serious medical needs. Indeed, plaintiff makes no allegations whatsoever describing how the

Sheriff violated his Constitutional rights.

To the extent plaintiff names the Sheriff in a supervisory capacity, it is well settled that supervisory officials may not be held liable under § 1983 under the doctrine of *respondeat superior*. *See, Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443 (1993). To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998).

Here, plaintiff fails to allege any direct personal involvement by Sheriff Theriot in his medical care or the lack thereof, or any medical policy so deficient that the policy itself acts as a deprivation of constitutional rights. Thus, plaintiff does not have a valid claim for violation of any constitutional rights based upon these allegations.

Accordingly, the undersigned recommends that plaintiff's claims under the Eighth Amendment for inadequate medical treatment be **DISMISSED**.

**Qualified Immunity**

Finally, defendants argue that to the extent that Doucet filed claims against Sheriff Theriot, the sheriff is entitled to qualified immunity from civil damages.

Government officials are entitled to qualified immunity for civil damages if their conduct does not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). In other words, qualified immunity is available when a reasonable official would not have known that his actions would violate a constitutional right that was clearly established at the time of the incident. *Id.* at 2738. Qualified immunity is not merely a defense to liability but an immunity from suit. *Swint v. Chambers County Comm'n*, 514 U.S. 35, 42, 115 S.Ct. 1203, 1208 (1995).

Claims of qualified immunity require a two-step analysis. First, the court must determine whether the plaintiff has alleged that "the officer's conduct violated a constitutional right." *Mace v. City of Palestine,* 333 F.3d 621, 623 (5th Cir. 2003). If there is no constitutional violation, the court's inquiry ends. *Id.* However, if "the allegations could make out a constitutional, the court must ask whether the right was clearly established – that is, whether "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* (quoting *Price v. Roark*, 256 F.3d 364, 369 (5th Cir. 2001)).

Here, plaintiff has failed to allege that Sheriff Theriot violated a constitutional right. Thus, the Court's inquiry ends. Accordingly, the undersigned recommends that

any and all claims against Sheriff Theriot be **DISMISSED**.

## CONCLUSION

Based on the foregoing reasons, it is recommended that the motion for summary judgment be **GRANTED**, and that all claims asserted against defendants be **DISMISSED WITH PREJUDICE**.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN TEN (10) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.  *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).**

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed February 16, 2007, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE